JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00323-CJC(RNBx)            Date: February 28, 2013

Title: US BANK NATIONAL ASSOCIATION V. CHERYL ANN DAMERON ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction and Background**

      Plaintiff US Bank National Association, as trustee for GSAA Home Equity Trust 2007-7, Asset Backed Certificates, Series 2007-7 ("Plaintiff") filed this state law action for unlawful detainer against Cheryl Ann Dameron, Arthur J. Hernandez, and Rachael Hernandez in the Superior Court of the County of Orange on September 27, 2012, seeking less than $10,000 in damages. Plaintiff seeks possession of the property at 1305 West Wickford Drive, Brea, California, which was sold to Plaintiff at a trustee's sale on March 6, 2012. On February 22, 2013, Defendant Rachael Hernandez, acting pro se, removed the action to federal court alleging federal question jurisdiction. (Dkt. No. 1 [Not. of Removal].) For the following reasons, the Court, on its own motion, **REMANDS** this action back to state court.

**Discussion**

      The party removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In a case removed from state court, a district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00323-CJC(RNBx)　　　　　　　　　　　Date: February 28, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. A cause of action arises under federal law only when a federal question appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

　　　Ms. Hernandez has failed to meet her burden of establishing federal jurisdiction. This case appears to be a straightforward action for unlawful detainer, a state-law claim. Ms. Hernandez argues that a federal question is present on the face of Plaintiff's Complaint because the foreclosure was subject to the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). Plaintiff, however, may state a claim for unlawful detainer under California law without in any way invoking the PTFA. *See SD Coastline LP v. Buck*, 10CV2108 MMA NLS, 2010 WL 4809661 (S.D. Cal. Nov. 19, 2010) (rejecting the argument that the PTFA created a federal question in an unlawful detainer action). If the PTFA were to arise at all in this case, it would arise in the context of a defense or counterclaim, neither of which can form the basis for federal jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Here, there are no federal questions on the face of Plaintiff's well-pleaded Complaint, and therefore there is no federal question jurisdiction.

**Conclusion**

　　　For the foregoing reasons, the Court **REMANDS** this action to state court.

jmc

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU